UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| WILLIAM TOLBERT ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 15-233-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTANA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

*** *** *** ***

Inmate William Tolbert is presently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Tolbert has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. [Record No. 1] Because Tolbert waived his right to collateral review, and because § 2241 is not the proper vehicle for obtaining the relief sought, the petition will be denied.

**I.**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Tolbert's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the

Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

## II.

On December 1, 2008, a federal grand jury returned a three-count indictment charging Tolbert with: (i) the robbery of a restaurant in Louisville, Kentucky in violation of 18 U.S.C. § 1951(a); (ii) brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c); and (iii) possessing a firearm after conviction for five counts of felony first-degree robbery in violation of 18 U.S.C. § 922(g). *United States v. Tolbert*, No. 3:08-cr-142-JHM-JDM-1 (W.D. Ky. 2008). [Record No. 1, therein]

On October 12, 2010, Tolbert signed a written plea agreement, admitting that he had robbed the restaurant at gunpoint and that he was a convicted felon prohibited from possessing firearms. *United States v. Tolbert*, No. 3:08-cr-142-JHM-JDM-1. [Record No. 48, therein]  He subsequently pleaded guilty to all three counts.  Tolbert also acknowledged that he faced a statutory minimum term of fifteen years imprisonment.  Further, Tolbert expressly waived his right to "contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise." [*Id.*, p. 5]

In exchange for Tolbert's admissions and concessions, the United States agreed to recommend that the sentences for the the three offenses run concurrently with one another, but consecutively to Tolbert's prior state sentences. [*Id.*, p. 4]  During the the hearing held the same day, the magistrate judge assigned to the case concluded that Tolbert's plea was knowing and voluntary. [*See* Record Nos. 49, 50.]  Tolbert did not file objections to the magistrate judge's Report and Recommendations.

At the time that Tolbert signed his plea agreement, the Sixth Circuit had held that it was not proper to impose a second, consecutive mandatory minimum sentence for a violation of § 924 where the defendant was already subject to a mandatory minimum sentence under another statutory provision. *United States v. Almany*, 598 F. 3d 238, 242 (6th Cir. 2010). The *Almany* decision enabled the parties to agree to a fifteen-year cumulative sentence in the plea agreement, notwithstanding the fact that Tolbert was subject to both a fifteen-year mandatory minimum term for being a convicted for a third time for being a felon in possession of a firearm, *see* 18 U.S.C. § 924(e)(1), and a seven-year mandatory minimum term for brandishing a firearm during the commission of a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii).

However, on November 15, 2010, the Supreme Court rejected the holding in *Almany*, concluding that ,where "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, [he] is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott v. United States*, 562 U.S. 8, 13 (2010). *Almany* was subsequently vacated for reconsideration in light of *Abbott*. *United States v. Almany*, 562 U.S. 1056 (2010).

During the sentencing hearing held on February 7, 2011, to effectuate the plea agreement without running afoul of *Abbott*, the United States agreed to dismiss the § 924(c) count for brandishing a firearm. *Tolbert*, No. 3:08-cr-142-JHM-JDM-1. [Record No. 66, p. 3, therein.] As a result, Tolbert was subject to a discretionary term of up to twenty years for the armed robbery and a fifteen-year mandatory minimum sentence for being a felon in possession of a firearm. [*Id.*] Tolbert's counsel requested that his federal sentence

commence in October 2008 to account for the time he had served in state custody, but that request was opposed by the government and denied by the trial court. [*Id.*, pp. 4−7] During the sentencing hearing, the trial court stated three times that Tolbert's federal sentence would run consecutive to his state sentence, and Tolbert personally acknowledged his understanding of the court's determination. [*Id.*, pp. 7−8] Subsequently, the court sentenced Tolbert to two concurrent 180-month terms of imprisonment that would run consecutive to the sentence imposed by the Jefferson Circuit Court in Case No. 92-CR-2125. *Tolbert*, No. 3:08-cr-142-JHM-JDM-1. [Record No. 56, therein]

Notwithstanding his express agreement to consecutive sentencing in the plea agreement and the trial court's denial of his request for pretrial custody credits at the sentencing hearing, Tolbert filed a *pro se* motion asking the trial court to run his federal sentences concurrently with his state sentences and grant him time credit for pretrial custody. *Tolbert*, No. 3: 08-cr-142-JHM-JDM-1. [Record No. 58, therein] Tolbert argued that the trial court: (i) failed to give adequate consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a); (ii) failed to adequately explain its reasons for imposing consecutive sentences; (iii) should have run his sentence concurrently with his state sentence under U.S.S.G. § 5G1.3(b); (iv) should have adjusted his federal sentence to account for time served in state custody; (v) should have granted credit against his federal sentence to account for time served in state custody; and (vi) was not precluded from granting such credit by the statutory mandatory minimum sentence. [*Id.*]

The trial court denied the motion on June 21, 2011, concluding that Tolbert had waived his right to collaterally attack his sentence in his plea agreement, and that the court

had already rejected comparable arguments by Tolbert at the sentencing hearing. *Tolbert*, No. 3:08-cr-142-JHM-JDM-1. [Record No. 69, therein] The trial court also denied Tolbert's repeated motions for relief from the denial of that motion. *Id.* [Record Nos. 74, 76, 77, 78, therein] Tolbert appealed, but the Sixth Circuit affirmed the district court's decision on November 16, 2012, noting that "the unambiguous provision in the plea agreement that his sentence run consecutive to the state sentence he was then serving. Because Tolbert agreed to this specific sentencing provision below, he is prohibited from challenging it on appeal." *Id.* [Record No. 85, therein]

Tolbert's petition before this Court [Record No. 1-1] is a near-verbatim recitation of the post-judgment motion he filed with the trial court, asserting the same grounds for relief. Tolbert again argues that the trial court: (1) failed to give adequate consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) failed to adequately explain its reasons for imposing its sentence; (3) should have run his sentence concurrently with his state sentence under U.S.S.G. § 5G1.3(b); (4) should have adjusted his federal sentence to account for time served in state custody; and (5) should have granted credit against his federal sentence to account for time served in state custody. [*Id.*, pp. 11–17]

But Tolbert adds one new argument: he alleges for the first time that he repeatedly told his counsel that he wanted his state and federal sentences to run concurrently as part of any plea agreement, and that she "intimated emphatically that she would obtain concurrent sentencing." [Record No. 1-1, p. 3] Consequently, Tolbert contends that his guilty plea was not knowingly and voluntarily made, and that his attorney rendered constitutionally ineffective counsel. [*Id.*, pp. 4–7, 8–10] For relief, Tolbert requests that this Court order the

trial court to vacate his sentence, grant him pretrial custody credit, and run his federal sentences concurrently with his prior state sentence. [Record No. 1, p. 8]

### III.

The Court will deny Tolbert's petition for several reasons. First, in his plea agreement, Tolbert "knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise." *Tolbert*, No. 3:08-cr-142-JHM-JDM-1. [Record No. 48, p. 5, therein] Such waivers are enforceable in habeas proceedings under 28 U.S.C. § 2241, and preclude the assertion of the arguments Tolbert pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Peete v. United States*, No. 11-CV-2242, 2013 WL 3199834, at *1–2 (C.D. Ill. June 24, 2013); *Gonzalez v. Warden of MCC New York*, No. 12 Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

In an effort to circumvent the waiver, Tolbert argues that his counsel provided ineffective assistance, rendering his plea agreement unknowing or involuntary. Such arguments, if accepted, will render the collateral attack waiver in the plea agreement unenforceable. *Cf. Washington v. Lampert*, 422 F. 3d 864, 870–71 (9th Cir. 2005) (collecting cases). But the trial record consistently refutes Tolbert's assertions of ineffective assistance of counsel. While he alleges that his counsel agreed to pursue concurrent sentencing, he expressly agreed to consecutive sentencing in his written plea agreement. When the magistrate judge conducted a Rule 11 inquiry and found that Tolbert entered into

the agreement knowingly and voluntarily, Tolbert made no objections. Nor did he object at the sentencing hearing to the trial court's imposition of consecutive sentences. In addition, he never argued in his numerous post-judgment motions that his counsel was ineffective or that she disregarded his instructions regarding the plea. In light of this clear record, Tolbert has failed to produce even colorable grounds to question the effectiveness of his counsel or the validity of the plea agreement.

As a separate issue, Tolbert's challenge to his sentence is not a claim which may be pursued under 28 U.S.C. § 2241. A federal prisoner must challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is a vehicle for challenges to actions by prison officials affecting the manner in which the prisoner's sentence is being carried out, such as the official's manner of computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

The "savings clause" in 28 U.S.C. § 2255(e) permits a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not

file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review . . ."). Nor is the remedy available under § 2255 considered "inadequate or ineffective" where, as here, the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013).

Instead, the prisoner must assert a claim of "actual innocence" for the savings clause to apply. Such a claim can arise only where, after the prisoner's conviction becomes final, the Supreme Court reinterprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501−02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800−01 (7th Cir. 2002).

Tolbert's claims of ineffective assistance of counsel and trial court error do not fall within the scope of claims cognizable under § 2241. First, he does not contend that he is actually innocent of the underlying offenses of armed robbery and being a felon in possession, but only that his sentence was imposed in a manner inconsistent with statutory directives and constitutional protections. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F.

App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502. Therefore, Tolbert's challenge to his sentence may not be pursued in this § 2241 proceeding.

Second, Tolbert's claims that (i) his counsel rendered ineffective assistance, (ii) his guilty plea was not knowingly and voluntarily made, and (iii) the trial court committed numerous errors in determining the duration and concurrency of his sentences are not claims of "actual innocence." Instead, these are ordinary claims of trial error, which must be pursued on direct appeal or in a motion under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001); *see Martinez v. Joslin*, 423 F. App'x 392, 393 (5th Cir. 2011) (claim that trial counsel rendered ineffective assistance not cognizable in § 2241 petition); *United States v. Surratt*, 797 F. 3d 240, 252 (4th Cir. 2015) (same); *Holcomb v. Tamez*, 464 F. App'x 343 (5th Cir. 2012) (claim that guilty plea was not knowing and voluntary is not cognizable in § 2241 petition); *Francis v. Smith*, 165 F. App'x 199 (3d Cir. 2006) (same); *United States v. Ellsworth*, 296 F. App'x 612, 615−16 (10th Cir. 2008) (claim that counsel rendered ineffective assistance by not "making sure the plea agreement required concurrent sentences" involved imposition of the sentence and was cognizable under § 2255 but not § 2241); *Ephraim v. Hogsten*, No. 1:12-2339, 2014 WL 1350978, at *1−2 (S.D.W. Va. Apr. 4, 2014) (claim challenging propriety of sentence under § 3553 and § 3584 must be asserted under § 2255, not § 2241).

### IV.

None of Tolbert's claims are cognizable under 28 U.S.C. § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner William Tolbert's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 2nd day of November, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge